UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT H. STONE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01892-JPH-TAB |
| | ) | |
| HEATHER L. BARAJAS Judge, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
SCREENING COMPLAINT**

**I.
Granting *in forma pauperis* status**

Mr. Stone's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**.

*See* 28 U.S.C. § 1915(a).  While *in forma pauperis* status allows Mr. Stone to

proceed without prepaying the filing fee, he remains liable for the full fees.

*Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir.

Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant

to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees.").

No payment is due at this time.

**II.
Screening complaint**

**A. Screening standard**

The Court has the inherent authority to screen Mr. Stone's complaint.

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the

power to screen complaints filed by all litigants, prisoners and non-prisoners

alike, regardless of fee status.").  The Court may dismiss claims within a

1

complaint that fail to state a claim upon which relief may be granted.  *See id.*
In determining whether the complaint states a claim, the Court applies the
same standard as when addressing a motion to dismiss under Federal Rule of
Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).
To survive dismissal,

> [the] complaint must contain sufficient factual matter,
> accepted as true, to state a claim for relief that is
> plausible on its face.  A claim has facial plausibility
> when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Pro se* complaints are
construed liberally and held to a less stringent standard than formal pleadings
drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**B. Discussion of claims**

Mr. Stone brings this action under 42 U.S.C. § 1983 against Heather L.
Barajas, a judge in the Montgomery Superior Court who is currently presiding
over Mr. Stone's ongoing state court case, cause number 54C01-1708-F2-
002333.  Dkt. 1 at 1 ¶ 1, 2 ¶ 6, *see* dkt. 1-1 at 1.  Mr. Stone is currently
seeking to vacate his conviction in the underlying state criminal case, dkt. 1-1
at 1, and alleges that Judge Barajas has violated his Sixth and Fourteenth
Amendment rights throughout the proceedings.  Dkt. 1.  He states that Judge
Barajas deprived him of his right to counsel when she permitted Mr. Stone's
defense attorneys to withdraw, did not appoint new counsel in a timely
manner, and "improperly delegated her judicial authority" by allowing his prior

defense attorney to appoint replacement counsel. *Id.* at 2–3. He further argues that Judge Barajas violated his right to due process by failing to issue proper notice of a status conference or an order requiring his attendance, and subsequently issuing a warrant for Mr. Stone's arrest when Mr. Stone did not appear. *Id.* at 3–4. Mr. Stone also alleges judicial bias and misconduct relating to Judge Barajas's refusal to recuse herself from Mr. Stone's case or to investigate allegations of misconduct against his previous defense attorney, and her engaging in collusive ex parte communications with the State. *Id.* at 4.

### C. Analysis

Judges are entitled to absolute immunity, as judicial immunity confers "complete immunity from suit." *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). This immunity is overcome only when (1) a judge is acting outside of his or her judicial capacity, or undertaking nonjudicial actions, or (2) if a judge undertakes an action "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 12 (1991). "Whether an act by a judge is a 'judicial' one relates to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge." *Id.* (internal citation omitted). This immunity still applies even in cases where a judge may make a mistake or act in excess of his or her authority; in such an instance, a party may seek a remedy through the appellate process, rather than a suit. *Id.*; *Dawson*, 419 F.3d at 660–661.

Mr. Stone argues that Judge Barajas' actions fall within both of these exceptions, and that Judge Barajas acted outside her judicial capacity and in

absence of jurisdiction.  Dkt. 1 at 4–5.  However, the acts that form the basis of Mr. Stone's complaint are all judicial in nature, or related to "a function normally performed by a judge."  *Mireles*, 502 U.S. at 12.  Allowing withdrawal of defense counsel due to conflict or ethical concerns, and appointing replacement defense counsel—including by directing the public defender's office to locate counsel—are judicial acts, of the kind typically performed by a judge.  Dkt 1; *see* dkt. 1-1 at 93, 105.  Likewise, the acts of scheduling a status conference—even at the request of one party—and issuing an arrest warrant are judicial in nature and function.  *See* dkt. 1; *Mireles*, 502 U.S. at 12.

Nor does Mr. Stone explain how these actions are undertaken in the absence of all jurisdiction.  Dkt. 1 at 4–5.  On the contrary, it appears from Mr. Stone's complaint that Judge Barajas undertook these actions in her role as the judge assigned to his ongoing state court proceeding.  *See Mireles*, 502 U.S. at 13 ("[A]n action—taken in the very aid of the judge's jurisdiction over a matter before him—cannot be said to have been taken in the absence of jurisdiction.").  Because Mr. Stone does not show that Judge Barajas was not acting outside of her judicial capacity or without jurisdiction, and therefore does not overcome judicial immunity, his claims must be **DISMISSED**.

### III.
### Conclusion

Mr. Stone's motion to proceed *in forma pauperis* is **GRANTED**.  Dkt. [2].

Mr. Stone's complaint is **DISMISSED**.  He shall have until **December 6, 2024** to file an amended complaint.  Failure to do so may result in dismissal of

this case without further notice.  Because an amended complaint completely replaces previous pleadings, it must be a complete statement of his claims. See *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").  The **clerk is directed** to send a form § 1983 complaint with Mr. Stone's copy of the order.

Mr. Stone's pending motions are **DENIED as moot**.  Dkts. [4], [7], [8], [13].

**SO ORDERED.**

Date: 11/13/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT H. STONE, JR.
2341 N. Goodlet Ave
Indianapolis, IN 46222